IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| FERRELLGAS PARTNERS, L.P. AND | : | Case No.: 21-10021 (MFW) |
| FERRELLGAS PARTNERS FINANCE CORP.[1] | : | (Jointly Administered) |
| | : | |
| Debtors. | : | Related Docket No.: 64 |

---

**DEBTORS' MOTION FOR AN EXPEDITED HEARING WITH RESPECT TO THE MOTION OF THE DEBTORS PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AN ORDER APPROVING A SETTLEMENT AGREEMENT AND GRANTING RELATED RELIEF**

Ferrellgas Partners, L.P. and its above-captioned affiliated debtors (collectively, the "Debtors"), by and through their undersigned counsel, hereby file this motion (the "Motion to Expedite") for an expedited hearing with respect to the *Motion of the Debtors Pursuant to Section 105 of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure for an Order Approving a Settlement Agreement and Granting Related Relief* (the "Settlement Motion")[2] filed contemporaneously herewith. In support of this Motion to Expedite, the Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding under 28 U.S.C. § 157(b). Pursuant to

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Ferrellgas Partners, L.P. (8480), and Ferrellgas Partners Finance Corp. (2520). The corporate headquarters and the mailing address for the Debtors is 7500 College Boulevard, Suite 1000, Overland Park, KS 66210.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Settlement Motion.

Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue of the above-captioned cases (the "Chapter 11 Cases") and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The legal predicates for the relief requested herein are Rules 2002 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rules 2002-1(b); 9006-1(c), and 9006-1(e).

## RELIEF REQUESTED

1. By this Motion to Expedite, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order") shortening the notice period with respect to the Settlement Motion. The Debtors request that the Court schedule the Settlement Motion for hearing on **February 8, 2021, at 10:30 a.m. (prevailing Eastern Time)**. The Debtors also request that the Court set the objection deadline (the "Objection Deadline") for the Settlement Motion as **February 3, 2021, at 10:00 a.m. (prevailing Eastern Time)**.

## BACKGROUND

2. On January 11, 2021 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been requested in the Chapter 11 Cases and no creditors' committee has yet been appointed.

3.	The Debtors hereby incorporate by reference the factual background set forth in the *Declaration of Jordan Burns In Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 3], which includes, among other things, a detailed description of the Debtors' business and affairs, the Debtors' capital structure and prepetition indebtedness, and the events leading to the commencement of the Chapter 11 Cases.

## BASIS FOR RELIEF

4.	Bankruptcy Rule 2002(a)(3) requires the Settlement Motion to be filed and served at least twenty-one (21) days prior to a hearing date scheduled for such motion.  Further, Local Rule 9006-1(c)(ii) requires that the objection deadline with respect to motion be set on any date that is no earlier than fourteen (14) days after the date of service and no later than seven (7) days before the hearing.

5.	Under Bankruptcy Rule 9006(c)(1), however, "the court for cause shown may in its discretion with or without motion or notice order the [notice] period reduced." Fed. R. Bankr. P. 9006(c)(1).  Local Rule 9006-1(e) further provides that a motion may be heard on less notice than as otherwise required if authorized "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).  Indeed, as reflected in section 102(1) of the Bankruptcy Code, "notice and a hearing" is an elastic phrase meant to take into account the "particular circumstances" of a motion. 11 U.S.C. § 102(1) (stating that "'after notice and a hearing', or similar phrase . . . means after such notice as is appropriate in the particular circumstances . . . ."); see *Rockwell Int'l Corp. v. Harnischfeger Indus., Inc. (In re Harnischfeger Indus., Inc.)*, 316 B.R. 616, 620 (D. Del. 2003) ("The policy of Section 102 is to permit the court flexibility, while ensuring that all parties have proper notice.") (citations omitted).

6. Here, ample cause exists to expedite the hearing in connection with the Settlement Motion. As explained in the Settlement Motion, the Debtors have determined that the relief requested would avoid the potential costs, uncertainty, risks, and delay of litigation associated with the Suit. More consequently, the relief sought in the Settlement Motion militates in favor of the interests of the Debtors and their creditors as it would result in the recovery of significant funds to the Debtors' estates, which consequently will increase the pool from which creditors are to receive distributions. Thus, no parties will be prejudiced by granting the relief requested herein.

7. Through the Motion to Expedite, the Debtors seek to shorten the notice period for the hearing by only 4 days. Moreover, the Debtors filed the Settlement Motion as soon as possible after negotiating the settlement itself and obtaining the approvals required under the terms of the Transaction Support Agreement. To mitigate any potential prejudice to creditors and other parties in interest, the Debtors have requested an Objection Deadline of February 3, 2021, thereby affording such creditors an additional 2 days than would be afforded generally under the Local Rules.

8. The Debtors are proposing that the Objection Deadline for the Settlement Motion be February 3, 2021, at 10:00 a.m. (prevailing Eastern Time). The Debtors respectfully submit that is sufficient time for parties to review and submit objections to the Settlement Motion, and will allow the Debtors to include any such objections in the agenda that is due to be filed by noon on February 4, 2021.

## **LOCAL RULE 9006-1(E) CERTIFICATION**

9. The Debtors have inquired about this Motion to Expedite with counsel to the U.S. Trustee which does not object.

**NOTICE**

10.     The Debtors, with the assistance of their claims and noticing agent, will provide notice of this Motion to Expedite by email and/or first class mail to: (a) the Office of the United States Trustee for the District of Delaware (Attn: David L. Buchbinder, Esquire, David.L.Buchbinder@usdoj.gov); (b) Davis Polk & Wardwell LLP and Morris, Nichols, Arsht & Tunnell LLP as counsel to the Ad Hoc Group of HoldCo Noteholders; (c) the Internal Revenue Service; (d) the United States Attorney for the District of Delaware; (e) the Attorney General for the state of Delaware; (f) the parties included on each of the Debtors' list of twenty (20) largest unsecured creditors; (g) the Securities and Exchange Commission; (h) the indenture trustee for the Debtors' prepetition 8.625% senior notes due 2020; (i) counsel for Chubb; and (j) any party that is entitled to notice pursuant to Local Rule 9013-1(m) (collectively, the "Notice Parties"). The Debtors submit that under the circumstances, no further notice is necessary.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion to Expedite, and grant such other and further relief as this Court may deem just and proper.

Date:  January 22, 2020

**CHIPMAN, BROWN, CICERO & COLE, LLP**
By: /s/ *Mark L. Desgrosseilliers*
William E. Chipman, Jr. (No. 3818)
Mark L. Desgrosseilliers (No. 4083)
Robert A. Weber (No. 4013)
Hercules Plaza
1212 N. Market Street
Suite 5400
Wilmington, DE 19801
Email: Chipman@chipmanbrown.com
         Desgross@chipmanbrown.com
         Weber@chipmanbrown.com

-and-

**SQUIRE PATTON BOGGS (US) LLP**
Stephen D. Lerner (admitted *pro hac vice*)
201 E. Fourth Street
Suite 1900
Cincinnati, OH 45202
Telephone: 513-361-1200
Facsimile: 513-361-1201
Email: Stephen.lerner@squirepb.com

-and-

Jeffrey N. Rothleder (admitted *pro hac vice*)
Christopher J. Giaimo (admitted *pro hac vice*)
2550 M Street, NW
Washington, DC 20037
Telephone: 202-457-6000
Facsimile: 202-451-6315
Email: Jeffrey.rothleder@squirepb.com
         Christopher.giaimo@squirepb.com

-and-

Maura P. McIntyre (admitted *pro hac vice*)
4900 Key Tower
127 Public Square
Cleveland, OH 44114
Telephone: 216-479-8500
Facsimile: 216-479-9790
Email: Maura.mcintyre@squirepb.com

*Proposed Counsel to the Debtors*