**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| FERRELLGAS PARTNERS, L.P. AND | : | Case No.: 21-10021 (MFW) |
| FERRELLGAS PARTNERS FINANCE CORP.,[1] | : | (Jointly Administered) |
| | : | |
| Debtors. | : | Related Docket Nos. 48 and 80 |

### ORDER AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN SQUIRE PATTON BOGGS (US) LLP AS THEIR BANKRUPTCY COUNSEL EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

Upon the Application[2] of the above-captioned Debtors for entry of an order (a) authorizing the Debtors to retain and employ Squire Patton Boggs (US) LLP ("Squire") as their bankruptcy counsel effective *nunc pro tunc* to the Petition Date and (b) granting related relief; and upon the record of the hearing on this Application; all as more fully set forth in the Application; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and consideration of the Application and the relief requested therein being a core proceeding as defined in 28 U.S.C. § 157(b); and due and proper notice having been given to the parties listed in the Application, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and it appearing that the relief requested in the Application is in the best interest of the Debtors, their estates, creditors and equity security holders;

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Ferrellgas Partners, L.P. (8480), and Ferrellgas Partners Finance Corp. (2520).  The corporate headquarters and the mailing address for the Debtors is 7500 College Boulevard, Suite 1000, Overland Park, KS 66210.

[2] Capitalized terms used not otherwise defined herein shall have the meaning ascribed to them in the Application.

and upon all of the proceedings had before the Court and upon due deliberation and sufficient cause appearing thereof,

    **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

  1.  The Application is GRANTED as set forth herein.

  2.  The Debtors are hereby authorized to retain the law firm of Squire Patton Boggs (US) LLP as their lead bankruptcy counsel effective *nunc pro tunc* to the Petition Date in accordance with the terms set forth in the Engagement Letter and as proposed in the Application.

  3.  Squire is disinterested as that term is defined in 11 U.S.C. § 101(14) and has no interest adverse to the Debtors' estates or creditors, on the matters for which it has been retained.

  4.  The compensation terms as stated in the Engagement Letter and the Application are reasonable and approved.  Squire is authorized to maintain its Retainer and to apply it in satisfaction of any prepetition fees and expenses as well as to any postpetition fees and expenses approved for payment by the Court.  For the avoidance of doubt, Squire may, but shall not be required to, apply any portion of its Retainer in payment of allowed fees and expenses prior to final allowance.  The Retainer will not be increased or replenished at any point during the Chapter 11 Cases without prior order of the Court.  As such, the Retainer is not an "evergreen" retainer.

  5.  Squire shall comply with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and all orders of this Court with respect to applying for and receiving payment of its fees and expenses, whether on an interim or final basis.

  6.  In each interim fee application and final fee application, all attorneys who have been or are hereafter retained pursuant to sections 327 or 1103 of the Bankruptcy Code (i) shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Cases in compliance with sections 330 and 331 of the

Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules and any other applicable procedures and orders of the Court, and (ii) intend to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*.

7. Notwithstanding anything to the contrary in the Application, the Lerner Declaration, the Engagement Letter, or this Order, Squire shall not seek reimbursement of any fees or costs of its counsel arising from the prosecution or defense of any of Squire's fee statements or fee applications in these Chapter 11 Cases except as and to the extent otherwise permitted under applicable law and the decisions of this Court.

8. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. To the extent there is any conflict between the provisions of the Engagement Letter and this Order, this Order shall govern.

10. The Debtors are authorized to take all steps necessary or appropriate to carry out the terms of this Order.

11. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: February 3rd, 2021
Wilmington, Delaware

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**