IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------ x
In re:                                     :    Chapter 11
                                           :
FERRELLGAS PARTNERS, L.P. AND              :    Case No.: 21-10021 (MFW)
FERRELLGAS PARTNERS FINANCE CORP.¹         :    (Jointly Administered)
                                           :
                    Debtors.               :    Related Docket Nos.: 170 and 174
------------------------------------------ x
```

**DEBTORS' MOTION FOR AN EXPEDITED HEARING WITH RESPECT TO THE
DEBTORS' MOTION FOR ENTRY OF AN ORDER
AUTHORIZING THE DEBTORS TO EXCEED THE PAGE LIMIT
REQUIREMENT WITH RESPECT TO THE DEBTORS' CONFIRMATION BRIEF**

Ferrellgas Partners, L.P. and its above-captioned affiliated debtors (collectively, the "Debtors"), by and through their undersigned counsel, hereby file this motion (the "Motion to Expedite") for an expedited hearing with respect to the *Debtors Motion for Entry of an Order Authorizing the Debtors to Exceed the Page Limit Requirement with Respect to the Debtors' Confirmation Brief* (the "Motion")² filed contemporaneously herewith. In support of this Motion to Expedite, the Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider this Motion to Expedite pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding under 28 U.S.C. § 157(b). Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Ferrellgas Partners, L.P. (8480), and Ferrellgas Partners Finance Corp. (2520). The corporate headquarters and the mailing address for the Debtors is 7500 College Boulevard, Suite 1000, Overland Park, KS 66210.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Motion.

States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to entry of a final order by the Court in connection with this Motion to Expedite to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue of the above-captioned cases (the "Chapter 11 Cases") and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The legal predicates for the relief requested herein are Rules 2002 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rules 2002-1(b); 9006-1(c), and 9006-1(e).

**RELIEF REQUESTED**

4. By this Motion to Expedite, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order") shortening the notice period with respect to the Motion. The Debtors request that the Court schedule the Motion for hearing on **March 5, 2021, at 10:30 a.m. (prevailing Eastern Time)**. The Debtors also request that the Court set the date and time for the hearing on the Motion as the objection deadline (the "Objection Deadline").

**BACKGROUND**

5. On January 11, 2021 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their business as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been requested in the Chapter 11 Cases and no creditors' committee has yet been appointed.

6. On January 11, 2021, the Debtors filed the *Prepackaged Joint Chapter 11 Plan of Reorganization of Ferrellgas Partners, L.P. and Ferrellgas Partners Finance Corp.* [Docket No. 6] and the *Disclosure Statement Relating to the Prepackaged Joint Chapter 11 Plan of*

*Reorganization for Ferrellgas Partners, L.P. and Ferrellgas Partners Finance Corp.* [Docket No. 7] (together, the "Initial Plan and Disclosure Statement").

7. On February 5, 2021, the Debtors filed the *First Amended Prepackaged Joint Chapter 11 Plan of Reorganization of Ferrellgas Partners, L.P. and Ferrellgas Partners Finance Corp.* [Docket No. 122] ("First Amended Plan") and the *First Amended Disclosure Statement Relating to the First Amended Prepackaged Joint Chapter 11 Plan of Reorganization for Ferrellgas Partners, L.P. and Ferrellgas Partners Finance* [Docket No. 123] (as may be further amended, supplemented, or modified from time to time in accordance with the terms thereof, the "Disclosure Statement") with the Court.

8. On February 26, 2021, the Debtors filed the *Second Amended Prepackaged Joint Chapter 11 Plan of Reorganization of Ferrellgas Partners, L.P. and Ferrellgas Partners Finance Corp.* [Docket No. 164] (as may be further amended, supplemented, or modified from time to time in accordance with the terms thereof, the "Plan")

9. The combined hearing to consider the adequacy of the Disclosure Statement and confirmation of the Plan is currently scheduled to commence at 10:30 a.m. (Eastern Time) on March 5, 2021 (the "Combined Hearing"). In support of approval of the Disclosure Statement and confirmation of the Plan, the Debtors have filed their Confirmation Brief contemporaneously herewith.

**BASIS FOR RELIEF**

10. Bankruptcy Rule 2002(a)(3) requires the Motion to be filed and served at least twenty-one (21) days prior to a hearing date scheduled for such motion. Further, Local Rule 9006-1(c)(ii) requires that the objection deadline with respect to the Motion be set on any date that is no

earlier than fourteen (14) days after the date of service and no later than seven (7) days before the hearing.

11.  Under Bankruptcy Rule 9006(c)(1), however, "the court for cause shown may in its discretion with or without motion or notice order the [notice] period reduced." Fed. R. Bankr. P. 9006(c)(1). Local Rule 9006-1(e) further provides that a motion may be heard on less notice than as otherwise required if authorized "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). Indeed, as reflected in section 102(1) of the Bankruptcy Code, "notice and a hearing" is an elastic phrase meant to take into account the "particular circumstances" of a motion. 11 U.S.C. § 102(1) (stating that "'after notice and a hearing', or similar phrase . . . means after such notice as is appropriate in the particular circumstances . . . ."); see *Rockwell Int'l Corp. v. Harnischfeger Indus., Inc. (In re Harnischfeger Indus., Inc.)*, 316 B.R. 616, 620 (D. Del. 2003) ("The policy of Section 102 is to permit the court flexibility, while ensuring that all parties have proper notice.") (citations omitted).

12.  Through the Motion to Expedite, the Debtors seek to shorten the notice period for the hearing so that the Motion can be heard at the Combined Hearing. The Debtors submit that cause exists to justify the relief requested herein. The Motion seeks authority to file Confirmation Brief which exceeds the limitation of Local Rule 3017-3. The Debtors' believe that, among other things, the brief discusses in detail the adequacy of information contained in the Disclosure Statement, the Plan, and the requirements for confirmation, and includes responses to certain objections to the confirmation of the Plan. In light of the number of matters to address pertinent to approval of the Disclosure Statement and confirmation of the Plan, the Debtors believe that they would be unable to provide the Court with the information necessary for the full and fair

adjudication of such matters within the page limit prescribed by Local Rule 3017-3. Additionally, the Debtors believe that the Confirmation Brief will help streamline the Combined Hearing because it highlights important issues and provides support for approval of the Disclosure Statement and confirmation of the Plan. Accordingly, the Debtors submit that there is ample justification for the relief requested herein so that the Motion can be heard at the Combined Hearing.

13. To mitigate any potential prejudice to creditors and other parties in interest, the Debtors have requested that the Objection Deadline be set so that any objections to the Motion be due on or before the date and time of the Combined Hearing, thereby affording such creditors a full seven days to respond to the Motion.

14. Therefore, the Debtors are proposing that the Objection Deadline for the Motion be March 5, 2021, at 10:30 a.m. (prevailing Eastern Time). The Debtors respectfully submit that is sufficient time for parties to review and submit objections to the Motion.

## LOCAL RULE 9006-1(E) CERTIFICATION

15. The Debtors have inquired about this Motion to Expedite with counsel to the U.S. Trustee and are awaiting a response.

## NOTICE

16. The Debtors, with the assistance of their claims and noticing agent, will provide notice of this Motion to Expedite by email and/or first class mail to: (a) the Office of the United States Trustee for the District of Delaware (Attn: David L. Buchbinder, Esquire, David.L.Buchbinder@usdoj.gov); (b) Davis Polk & Wardwell LLP and Morris, Nichols, Arsht & Tunnell LLP as counsel to the Ad Hoc Group of HoldCo Noteholders; (c) the Internal Revenue Service; (d) the United States Attorney for the District of Delaware; (e) the Attorney General for the state of Delaware; (f) the parties included on each of the Debtors' list of twenty (20) largest

unsecured creditors; (g) the Securities and Exchange Commission; (h) the indenture trustee for the Debtors' prepetition 8.625% senior notes due 2020; (i) counsel for Chubb; and (j) any party that is entitled to notice pursuant to Local Rule 9013-1(m) (collectively, the "Notice Parties"). The Debtors submit that under the circumstances, no further notice is necessary.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion to Expedite, and grant such other and further relief as this Court may deem just and proper.

Date:  February 26, 2020

        **CHIPMAN, BROWN, CICERO & COLE, LLP**
By: /s/ *William E. Chipman, Jr.*
William E. Chipman, Jr. (No. 3818)
Mark L. Desgrosseilliers (No. 4083)
Robert A. Weber (No. 4013)
Hercules Plaza
1212 N. Market Street
Suite 5400
Wilmington, DE 19801
Email: Chipman@chipmanbrown.com
       Desgross@chipmanbrown.com
       Weber@chipmanbrown.com

-and-

**SQUIRE PATTON BOGGS (US) LLP**
Stephen D. Lerner (admitted *pro hac vice*)
201 E. Fourth Street
Suite 1900
Cincinnati, OH 45202
Telephone: 513-361-1200
Facsimile: 513-361-1201
Email: Stephen.lerner@squirepb.com

-and-

Jeffrey N. Rothleder (admitted *pro hac vice*)
Christopher J. Giaimo (admitted *pro hac vice*)
2550 M Street, NW
Washington, DC 20037
Telephone: 202-457-6000
Facsimile: 202-451-6315
Email: Jeffrey.rothleder@squirepb.com
       Christopher.giaimo@squirepb.com

-and-

Maura P. McIntyre (admitted *pro hac vice*)
4900 Key Tower
127 Public Square
Cleveland, OH 44114
Telephone: 216-479-8500
Facsimile: 216-479-9790
Email: Maura.mcintyre@squirepb.com

*Proposed Counsel to the Debtors*

**Exhibit A**

Proposed Order

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| FERRELLGAS PARTNERS, L.P. AND | : | Case No.: 21-10021 (MFW) |
| FERRELLGAS PARTNERS FINANCE CORP.[1] | : | (Jointly Administered) |
|  | : |  |
| Debtors. | : | Related Docket Nos.: |

## ORDER GRANTING DEBTORS' MOTION FOR AND EXPEDITED HEARING WITH RESPECT TO THE DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO EXCEED THE PAGE LIMIT REQUIREMENT WITH RESPECT TO THE DEBTORS' CONFIRMATION BRIEF

Upon consideration of the *Debtors' Motion for an Expedited Hearing with Respect to the Debtors Motion for Entry of an Order Authorizing the Debtors to Exceed the Page Limit Requirement with Respect to the Debtors' Confirmation Brief* (the "Motion To Expedite")[2]; and the Court having reviewed the Motion to Expedite; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion to Expedite in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion to Expedite was sufficient under the circumstances; and this Court having

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Ferrellgas Partners, L.P. (8480), and Ferrellgas Partners Finance Corp. (2520). The corporate headquarters and the mailing address for the Debtors is 7500 College Boulevard, Suite 1000, Overland Park, KS 66210.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Motion to Expedite.

determined that the legal and factual bases set forth in the Motion to Expedite establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion to Expedite is GRANTED, as set forth in this Order.

2. The hearing to consider the relief requested by the Motion shall be held on **March 5, 2021, at 10:30 a.m. (prevailing Eastern Time)** (the "Hearing").

3. Any objections or responses to the relief requested by the Motion must be filed on or prior to the Hearing.

4. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion to Expedite.

6. This Court retains exclusive jurisdiction with respect to all matter arising from or related to the implementation, interpretation and enforcement of this Order.